# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CR-0102-001-CVE |
| | ) | |
| MOHAMMAD HAMID QURESHI, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter comes before the Court pursuant to defendant's motion for a hearing on and modification of conditions of release [probation] (Dkt. # 40). The Court is authorized to consider the motion pursuant to 18 U.S.C. § 3563(c).

In January 2010 defendant was sentenced to a five-year term of probation following his plea of guilty to a one-count information charging maintaining drug-involved premises, in violation of 21 U.S.C. § 856. The Court further ordered defendant to adhere to various special conditions and the standard conditions of probation, to include standard condition number one, which reads:

> The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

Defendant, a native of India, has been a naturalized American Citizen since 1984. He has several family members residing in Pakistan, to include an elderly mother facing a surgical procedure in mid-December, and a niece and nephew each planning separate weddings in April 2012. It is for these reasons defendant requests permission to leave the judicial district and travel to Pakistan. In October 2011 defendant requested permission from the probation office to travel to Pakistan, departing in early December and returning in late May 2012. Because the request involved international travel, the probation office solicited approval from this Court, which denied

defendant's request on October 26, 2011. The request was denied in part because defendant was previously authorized travel to Pakistan from mid-September to the end of October 2010, but did not return to the United States until late-January 2011. In response to denying the travel request, defendant moves for a hearing on and modification of conditions, presumably to vacate or amend the travel restriction condition to permit at will travel. Aside from restating why defendant wants to travel to Pakistan, no additional argument or facts are contained in defendant's motion that would justify modification of the travel restriction condition.

Federal Rule of Criminal Procedure 32.1(c) requires the court to hold a hearing, with exceptions, "[b]efore *modifying* the conditions of probation or supervised release." Fed. R. Crim. P. 32.1(c) (emphasis added). But the rule does not compel the court to hold a hearing before *refusing* a request for modification. Defendant has not provided any support for his position that a court must hold a hearing before denying a request for modification. See United States v. Ali Nonahal, 338 F.3d 668 (7th Cir. 2003) (holding that a court is not required to hold a hearing prior to refusing defendant's request for modification of the terms of supervised release). A district court retains jurisdiction to modify conditions of probation after consideration of enumerated factors. See 18 U.S.C. §§ 3562(a), 3563(c). The enumerated factors include "the need to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Defendant is supervised under various conditions of probation, and although many contribute toward fulfilling § 3553(a)(2)(C), the travel restriction condition is essential. The probation office cannot adequately supervise a defendant who is not available for supervision. Extended periods outside the reach and watchful eye of the probation officer, especially in a foreign jurisdiction where activities and associations cannot be controlled, monitored or verified, is contrary to the purpose of a probation sentence. For these

reasons, defendant's motion for a hearing on and modification of conditions of probation is **denied**.

However, the Court has reconsidered defendant's request for travel to Pakistan and will grant the travel request in part. Defendant will be permitted to travel for the purpose of being with his mother for her surgery and for a reasonable time thereafter for her convalescence. Defendant's request to remain in Pakistan for the wedding of his niece and nephew is denied.[1]

**IT IS THEREFORE ORDERED** that defendant's motion for a hearing on and modification of conditions of probation (Dkt. # 40) is **denied**.

Defendant's request for travel to Pakistan is **granted in part**. Defendant is permitted to travel directly to Pakistan, departing on December 4, 2011, and must return directly to the United States no later than January 31, 2012.

**DATED** this     day of November, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant's argument that travel should be granted because he has already purchased an airline ticket for a return flight on May 29, 2012, is groundless, as the ticket was purchased prior to seeking authorization for the travel from the probation officer or the Court.